# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN BAXTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SGT. MARTINEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-6741-REC-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(Doc. 20) |

I.　Defendants' Motion to Dismiss

　　A.　Procedural History

Plaintiff Jordan Baxter ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed March 3, 2005, against defendants Martinez and Torres ("defendant") for excessive force. (Doc. 10.) On February 6, 2006, defendants filed a motion to dismiss for failure to exhaust administrative remedies prior to filing suit. (Doc. 20.) Plaintiff filed an opposition on March 6, 2006.[1] (Doc. 22.)

　　B.　Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

---

[1] On November 21, 2005, the court issued an order notifying plaintiff of the requirements for opposing unenumerated Rule 12(b) motions to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 15.)

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.  Discussion

Plaintiff filed this action on December 3, 2003. (Doc. 1.) In their motion, defendants argue that they are entitled to dismissal because exhaustion occurred on July 8, 2004. In support of their motion, defendants submit a copy plaintiff's exhausted appeal. (Doc. 20, Grannis Dec., Exhibit 1.)

In his opposition, plaintiff argues that he exhausted all administrative remedies before filing the second amended complaint on March 3, 2005 and therefore he has complied with § 1997e(a).

Plaintiff's argument is without merit. Although this action is currently proceeding on plaintiff's second amended complaint filed on March 3, 2005, the suit itself was initially filed on December 3, 2003. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Because exhaustion occurred after this suit was filed, defendants are entitled to dismissal of this action, without prejudice.

D.  Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust prior to filing suit, filed February 6, 2006, be GRANTED, and this action be dismissed, without prejudice, for failure to comply with 42 U.S.C. § 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 27, 2006          /s/ Dennis L. Beck
3b142a                         UNITED STATES MAGISTRATE JUDGE